UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCEAN GORDON,

                    Plaintiff,

              -against-

THE CITY OF NEW YORK,
NATALIA GUSMAN-MORALES,
MICHAEL VERBRUGGE, WILLIAM KING,
JOHN MCLOUGHLIN,
and JOHN and JANE DOES,

                    Defendants.
------------------------------------------------------------X

**COMPLAINT**

12 CV 5926

JUDGE JONES

**JURY TRIAL DEMANDED**

**ECF Case**

RECEIVED AUG 02 2012 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5. Plaintiff SCEAN GORDON is a resident of the City and State of New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7. Defendants GUZMAN-MORALES, VERBRUGGE, KING, MCLOUGHLIN, and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their

duties. The aforenamed defendants are sued in their individual capacities.

## STATEMENT OF RELEVANT FACTS

8. On September 5, 2010, at or about 5:03 p.m., plaintiff GORDON was in the vicinity of 4360 Furman Avenue, Bronx, New York. Plaintiff GORDON was standing on a public sidewalk speaking on his cell phone.

9. Defendant police officers GUZMAN-MORALES and VERBRUGGE approached plaintiff and requested that he produce identification. As plaintiff attempted to comply with the request, defendant GUZMAN-MORALES took plaintiff's cell phone and began to strike plaintiff in his left knee area with a baton. Defendant GUZMAN-MORALES then pushed plaintiff to the ground, where he was assaulted by defendants GUZMAN-MORALES and VERBRUGGE.

10. Defendants KING and MCLOUGHLIN observed defendants GUZMAN-MORALES and VERBRUGGE approach and assault plaintiff, but did not intercede to prevent the assault or arrest.

11. Plaintiff was handcuffed and arrested by defendants GUZMAN-MORALES, VERBRUGGE, KING, and MCLOUGHLIN.

12. Plaintiff was charged with Assault in the Third Degree, Resisting Arrest, and Harassment in the Second Degree. Plaintiff did not assault or harass anyone, nor did he resist arrest.

13. All charges were subsequently dismissed.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE

## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

14. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

15. By their conduct and actions in falsely arresting plaintiff GORDON, by using excessive force against him, by fabricating evidence against him, and by failing to intercede to prevent the complained of conduct, defendants GUZMAN-MORALES, VERBRUGGE, KING, and MCLOUGHLIN, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

17. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

19. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants GUZMAN-MORALES, VERBRUGGE, KING, and MCLOUGHLIN.

20. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Pre- and post-judgment costs, interest and attorneys' fees;

e. Such other and further relief as this court may deem appropriate and equitable. Dated:     New York, New York
           July 19, 2012

                                                                  _____
                                                                  MICHAEL L. SPIEGEL, Esq.
                                                                  111 Broadway, Suite 1305
                                                                  New York, New York 10006
                                                                  (212) 587-8558

                                                                  *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCEAN GORDON

                                                          Plaintiff,

-against-

THE CITY OF NEW YORK, NATALIA GUSMAN-MORALES, MICHAEL VERBRUGGE, WILLIAM KING, JOHN MCLOUGHLIN, and JOHN and JANE DOES,

                                                          Defendants.

## COMPLAINT

**MICHAEL L. SPIEGEL, ESQ.**
*Attorney for Plaintiff*
ATTORNEY AT LAW
111 BROADWAY, SUITE 1305
NEW YORK, NEW YORK 10006
(212) 587-8558

Service of a copy of the within                                   is hereby admitted.

Dated:

                                                  Attorney(s) for

**PLEASE TAKE NOTICE**

☐

    that the within is a (certified) true copy of a
    entered in the office of the clerk of the within court on              19

☐ Notice of Entry

    that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court,

Notice of Settlement
    at
    on     19  , at     M.

Dated:

**MICHAEL L. SPIEGEL, ESQ.**
*Attorney for Plaintiff*
111 BROADWAY, SUITE 1305
NEW YORK, NEW YORK 10006

To:

*Attorney(s) for*